UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHIRLEY L. PHILLIPS,

    Plaintiff,

v.    ACTION NO. 4:13cv170

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

Plaintiff Shirley L. Phillips brought this action under 42 U.S.C. §§ 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act. The undersigned recommends that the decision of the Commissioner be AFFIRMED.

**I. PROCEDURAL BACKGROUND**

Ms. Phillips protectively applied for DIB and SSI on May 24, 2012, alleging disability

since April 16, 2012, due to arthritis. R. 89-100, 196.[1] Ms. Phillips' applications were denied initially and on reconsideration. R. 48-50, 63-64. The Notice of Denial of DIB explained that work activity resulting in earnings averaging more than $1,010 per month was generally considered substantial gainful activity, and her claim was denied because she earned in excess of $1,010 per month. R. 50. Similarly, Ms. Phillips' Notice of Denial of SSI indicated she was denied because she earned too much income to be eligible for SSI. R. 51-52.

Ms. Phillips was initially denied a hearing by an Administrative Law Judge (ALJ), due to failure to timely file the request. R. 42-43. The ALJ explained in the denial decision that, even if he waived the filing deadline and allowed the appeal to proceed, Ms. Phillips' claim would still be denied, as she continued to work at a substantial gainful activity level. R. 43. The Appeals Council was unable to locate the record upon which the ALJ based this decision, and was unable to determine whether the decision was supported by substantial evidence. R. 45. Accordingly, on April 16, 2013, the Appeals Council vacated the ALJ's decision and remanded Ms. Phillip's case for a hearing, and provided Ms. Phillips and her representative the opportunity to submit additional evidence. R. 45-46.

On July 10, 2013, a hearing was held by teleconference before the ALJ. R. 22-37. Ms. Phillips was represented by non-counsel, and testified before the ALJ. R. 22-37. On July 22, 2013, the ALJ found that Ms. Phillips was not disabled within the meaning of the Social Security Act, because she had engaged in SGA since her alleged onset date. R. 14-18. The Appeals Council denied Ms. Phillips' request for administrative review of the ALJ's decision. R. 4-7. Therefore, the ALJ's decision stands as the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481 (2012).

---

[1] The citations in this Report and Recommendation are to the Administrative Record. ECF No. 7.

Ms. Phillips timely filed this action for judicial review pursuant to 42 U.S.C. § 405(g). ECF No. 3. On May 7, 2014, Ms. Phillips moved for summary judgment. ECF No. 12. She forwarded a supplemental exhibit in support of her motion on May 14, 2014. ECF No. 13. Defendant filed a cross-motion for summary judgment on June 3, 2014. ECF No. 14. As neither counsel in this case has indicated special circumstances requiring oral argument in this matter, the case is deemed submitted for a decision based on the memoranda.

## II. FACTUAL BACKGROUND

Born in 1954, Ms. Phillips was fifty-seven years old on her alleged onset date of April 16, 2012, and fifty-eight years old at the time of her administrative hearing and the ALJ's decision. R. 28, 89. Ms. Phillips received her GED. R. 28. She suffers from bilateral knee osteoarthritis. R. 258.

### A. Administrative Hearing – July 10, 2013

At her administrative hearing, Ms. Phillips testified that she was working at the Lunch Bell restaurant in Newport News, Virginia, and had been working there since 2008. R. 28-29. She bused and cleaned tables approximately forty-two hours a week, earning $10.50 per hour. R. 28. Ms. Phillips explained that she took three days off in early 2013 when she received injections in her knee. R. 29. Ms. Phillips testified that she could not continue to work, because her situation was getting worse. R. 34.

Ms. Phillips' representative argued that Ms. Phillips had impairment related work expenses that should be taken into consideration when determining her income, and referenced an emergency room visit, appointments at a clinic, x-rays, and braces. R. 31-33. Ms. Phillips and her representative were directed to provide copies of the bills for the medical expenses to be

3

placed in the record. R. 33.

### B. Documents Establishing Earnings and Medical Expenses

The record contains payroll summary sheets from Lunch Bell Limited, detailing Ms. Phillips' earnings from April 2012 through March 2013. R. 144-92. These summaries indicate Ms. Phillips' gross pay over more than an eleven month period, from April 19, 2012 through March 27, 2013, totaled $21,278.33. R. 144-92. This included $19,075.91 in hourly earnings, $1,614.42 in overtime earnings, and $588 in vacation pay. R. 144-92. Her approximate gross earnings per month in 2012 were $1,860, with $1,670 per month in hourly wages, $140 per month in overtime, and $50 per month in vacation pay. In 2013, her gross earnings per month were approximately $1,800, with $1,620 per month in hourly earnings, $130 per month in overtime, and $50 per month in vacation pay.

Ms. Phillips submitted several medical bills following her hearing before the ALJ. These included a bill for $341 from Orthopaedic & Sports Medicine for draining and injecting her knee on January 28, 2013. R. 239. Ms. Phillips was billed $160.00 for two neoprene knee supports in September and October 2012. R. 242. Ms. Phillips also submitted a $1,864.79 bill from a credit collection agency dated April 11, 2013, showing a payment of $25 due on April 24, 2013. R. 238. The collection agency invoice indicates that the bill is for "various creditors," and does not state whether the bill is related to medical expenses. R. 238. The total for all bills submitted is $2,365.79.

### C. The ALJ's Decision – July 22, 2013

The ALJ found Ms. Phillips had not been disabled, as defined by the Social Security Act, from April 16, 2012, through the date of the decision. R. 18. Ms. Phillips met the insured status

4

requirement through December 31, 2016. R. 15. At step one of the five-step analysis, the ALJ concluded that Ms. Phillips had engaged in substantial gainful activity ("SGA") since April 16, 2012, the alleged onset date. R. 17.

The ALJ found Ms. Phillips had consistently received wages at or above the level of SGA since her alleged onset date. R. 17. Ms. Phillips earned $22,497.39 in 2012, and $9,095.65 from January 1, 2013, through May 18, 2013. R. 17. The ALJ summarized Ms. Phillips' hearing testimony, and addressed counsel's argument that impairment-related work expenses should be taken into consideration. R. 17. Counsel submitted $2,365.79 in bills to be taken into consideration in determining Ms. Phillips' SGA. R. 17. The ALJ found that, even if the "onetime expenses" were taken "at face value," and subtracted from Ms. Phillips' earnings, Ms. Phillips still earned at or above SGA during the relevant period. R. 17. Because Ms. Phillips had consistently engaged in SGA, the ALJ did not consider her medical impairments. Lastly, the ALJ considered Ms. Phillips' statement that she could not continue to work. R. 17. The ALJ indicated that if Ms. Phillips' condition deteriorated, and she could not continue to perform her job, she could reapply for disability benefits. R. 17-18.

Ms. Phillips argues the ALJ erred in finding that her earnings since her alleged onset date were at or above SGA.[2] Pl's Mot. for Sum. Judg., ECF No. 12. The undersigned disagrees, finding there is substantial evidence in the record to support the ALJ's decision, and recommending that the decision of the Commissioner be AFFIRMED.

### III. STANDARD OF REVIEW

In reviewing a decision of the Commissioner denying benefits, the Court is limited to

---

[2] Ms. Phillips also submitted a letter from her orthopedic doctor in support of her argument that she has a severe impairment. ECF No. 13-1.

determining whether the Commissioner's decision was supported by substantial evidence on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g) (2012); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

When reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589; *Hays*, 907 F.2d at 1456. Thus, reversing the denial of benefits is appropriate only if either (A) the ALJ's determination is not supported by substantial evidence on the record, or (B) the ALJ made an error of law. *Coffman,* 829 F.2d at 517.

## IV. ANALYSIS

To qualify for SSI and/or DIB, an individual must meet the insured status requirements of these sections, be under age sixty-five, file an application, and be under a "disability" as defined in the Social Security Act. The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under the Act as the inability to do any substantial gainful activity, by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a) (2012); *see also* 42 U.S.C. §§ 423(d)(1)(A) and

416(i)(1)(A) (2012). To meet this definition, the claimant must have a "severe impairment" making it impossible to do previous work or any other substantial gainful activity that exists in the national economy.

In evaluating disability claims, the regulations promulgated by the Social Security Administration provide that all material facts will be considered to determine whether a claimant has a disability. The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled. This analysis is set forth in 20 C.F.R. §§ 404.1520 and 416.920. Pertinent to the current case, at the first step, the ALJ must consider whether the claimant is engaged in substantial gainful activity. An affirmative answer to question one results in a determination of no disability, and the ALJ does not progress to step two. *See* 20 C.F.R. § 404.1520(a)(4) ("If you are doing substantial gainful activity, we will find that you are not disabled."); 20 C.F.R. § 416.920(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition.").

The evidence in the record supports the ALJ's finding that Ms. Phillips was engaged in SGA throughout the relevant period, and is not entitled to benefits. R. 17-18. The parties agree that, according to the Social Security tables, a claimant was generally considered to be earning SGA in 2012 if her gross earnings averaged $1,010 per month or more, and in 2013 if her gross earnings averaged $1,040 per month or more. *See* Pl.'s Mot. Sum. Judg. 2, Def.'s Mem. 7; http://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015#b. Ms. Phillips' gross earnings averaged over $1800 for both 2012 and 2013.

Ms. Phillips argued that she had medical expenses that qualified as impairment-related

work expenses, and should be deducted from her monthly income. R. 17. When, due to an impairment, certain items and services are necessary to enable a claimant to work, the reasonable costs of the items and services can be subtracted from the claimant's earnings when determining if they have done SGA. *See* 20 C.F.R. § 416.976. For the subtraction to occur, the claimant has to have paid for the items and services, and not have been reimbursed by another source. *See* 20 C.F.R. §416.976(b)(3). Addressing this issue, the ALJ correctly noted that even if all of the expenses submitted by Ms. Phillips qualified as impairment-related work expenses, Ms. Phillips still engaged in SGA during the relevant period. R. 17.

Ms. Phillips' approximate gross earnings per month in 2012 were $1,860, with $1,670 per month in hourly wages. The total for all bills submitted by Ms. Phillips was $2,365.79. Subtracting the full amount from her 2012 earnings would not bring her earnings below $1,010 per month, the level where a claimant was considered to be engaged in SGA in 2012. Similarly, in 2013, Ms. Phillips' gross earnings per month were approximately $1,800, with $1,620 per month in hourly earnings. Subtracting $2,365.79 from Ms. Phillips' 2013 earnings would not bring her earnings below $1,040 per month, the level where a claimant was considered to be engaged in SGA in 2013. The ALJ correctly applied the regulations, determined Ms. Phillips was engaged in SGA during the relevant period, and did not proceed to step two of the analysis.

The formula Ms. Phillips used in her motion for summary judgment to establish she is entitled to benefits is not the correct formula for determining whether her earnings constitute SGA, rather it is a formula used to calculate the amount of SSI a claimant is entitled to receive after they are found disabled and not engaging in SGA. Pl.'s Mot. for Sum. Judg. 2-3, ECF No. 12; *see also* 20 C.F.R. §416.420 (discussing how the monthly benefit payment is calculated).

Lastly, Ms. Phillips argues she is entitled to benefits under Social Security Regulation 76-4a, which explains that a presumption of SGA based on earnings may be rebutted by other evidence. Pl.'s Mot. for Sum. Judg. 3-4. Ms. Phillips argues that a letter from her orthopedic doctor, which explains that she is significantly limited in her ability to perform activities due to bilateral knee osteoarthritis, rebuts the presumption of SGA. *Id.* This argument is not persuasive. The example outlined in Social Security Regulation 76-4a involved an individual who engaged in sporadic work activities for three month periods, with each attempt necessitating discontinuance of work, hospitalization, and surgery. SSR 76-4a (S.S.A. 1976). In that situation, the presumption of SGA due to earnings was rebutted by "'affirmative evidence' showing that [the claimant's] impairments precluded sustained occupational activity." *Id.* The evidence in Ms. Phillips case is that she worked full time for several years, and only missed three days when she had an injection necessitated by her knee impairment. This falls far short of the affirmative evidence discussed in the Social Security Regulation.

Ms. Phillips has failed to carry her burden at step one of the sequential analysis to prove she did not engaged in SGA during the relevant period, and substantial evidence in the record supports the ALJ's finding.

## V. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Ms. Phillips' Motion for Summary Judgment (ECF No. 12) be DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) be GRANTED, and the final decision of the Commissioner be AFFIRMED.

## VI. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
December 8, 2014